(No. 15829.—Judgment affirmed.)

THE PEOPLE *ex rel.* Harry W. Greer, County Collector, Appellant, *vs.* THE THOMAS WALTERS CHAPTER OF THE DAUGHTERS OF THE AMERICAN REVOLUTION, Appellee.

*Opinion filed February 19, 1924.*

1. TAXES—*the constitution does not itself exempt property from taxation.* The provision of the constitution for exemption of certain property from taxation is not self-executing, but it merely authorizes the General Assembly, by legislative enactment, to exempt from taxation the classes of property specified.

2. SAME—*statutory exemption of property devoted to "beneficent" use must be construed as meaning "charitable."* The General Assembly is not authorized to add to or enlarge the meaning of the constitutional provision for exemption of property devoted to "charitable" use, and the word "beneficent," in the seventh paragraph of section 2 of the Revenue act, cannot be regarded as designating a class of organizations or purposes not named in the constitution but it must be construed as synonymous with the word "charitable."

3. SAME—*the statutes granting exemptions must be construed strictly.* Statutes granting tax exemptions are to be construed strictly, and property claimed to be exempt must come not only within the terms of the statute but also within the authority given by the constitution.

4. SAME—*what may be included in exemption of property devoted to charitable use.* In the constitutional and statutory provisions for exempting from taxation property devoted to a charitable use, the term "charity" may be applied to whatever, in accordance with law and public policy, tends to promote the well doing and

well being of social man, and the term is not confined to mere almsgiving or to the relief of poverty.

5. Same—*when property of Daughters of American Revolution is exempt from taxation.* A building owned by a chapter of the Daughters of the American Revolution is exempt from taxation under paragraph 7 of section 2 of the Revenue act, where it is devoted exclusively to the objects of the organization as shown by its charter and in otherwise furthering the public welfare, all the revenue from the building being devoted to the purposes of the organization and not used for profit.

Appeal from the County Court of Fulton county; the Hon. J. D. Breckenridge, Judge, presiding.

Floyd F. Putman, State's Attorney, for appellant.

Harvey H. Atherton, and Glenn Ratcliff, for appellee.

Mr. Justice Cartwright delivered the opinion of the court:

The county treasurer of the county of Fulton applied to the county court at the June term, 1923, for judgment against the property of the appellee, Thomas Walters Chapter of the Daughters of the American Revolution, in the city of Lewistown, for delinquent taxes for the year 1922. The appellee filed an objection that it was a corporation organized exclusively for beneficent and charitable purposes; that the property owned by it was used for such purposes and no other and was not leased or used with a view to profit, and that by statute it was exempted from taxation. Upon a hearing the objection was sustained and judgment denied, and an appeal was allowed and perfected.

Article 9 of the constitution requires the General Assembly to provide such revenue as may be needful by levying a tax by valuation, so that every person or corporation shall pay a tax in proportion to the value of his, her or its property; but section 3 of the article provides that the

311—20

property of the State, counties and other municipal corporations, both real and personal, and such property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempt from taxation by general law. That provision of the constitution is not self-executing but authorizes the General Assembly, by legislative enactment, to exempt from taxation the classes of property therein specified. (*People* v. *Anderson,* 117 Ill. 50; *In re Walker,* 200 id. 566; *People* v. *Salvation Army,* 305 id. 545.) Under the power conferred by the constitution, the General Assembly, by the seventh paragraph of section 2 of the Revenue act, has provided that all property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or any other State of the United States, and all property of old people's homes, when such property is actually and exclusively used for such charitable and beneficent purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation. (Smith's Stat. 1923, p. 1717.) The General Assembly has added to the provision of the constitution the word "beneficent," both as to the class of organizations and the purposes for which property is used. The General Assembly was not authorized to add to or enlarge the meaning of the word "charitable," and the word "beneficent" cannot be regarded as designating a class of organizations or purposes not named in the constitution. Statutes granting tax exemptions are to be construed strictly, and must come not only within the terms of the statute but also the authority given by the constitution, and the legislative intention must have been to use the word as synonymous with the word "charitable." It was incumbent upon the appellee to show that its organization and the use of its property came within the provision of the constitution as charitable.

. The appellee offered in evidence its charter, defining its nature and purpose as follows: "The object for which it is

formed is to maintain a chapter house at Lewistown, Illinois, and in connection therewith a community rest room; to perpetuate the memory of men and women who have actively promoted and protected the interests of the community in the past, of those who have been prominent in the history of our county, State and country, and especially of those who achieved American independence, by the acquisition and protection of historical spots and the erection of memorials, and by the promotion of celebrations of patriotic anniversaries; to cherish, maintain and extend the institutions of American freedom and to foster true patriotism and love of country."

The residence property, upon which there was a brick residence building erected in 1842, had some historical value. It was near the center of the city and near the court house and convenient for maintaining a rest room and community gatherings. A rest room was established, provided with a public toilet, chairs and tables, where people might rest and eat their lunches. The building was in charge of a hostess, and the rest room was open to the public from 6:30 A. M. until 9 P. M., except on Sunday, when it was open from 9 A. M. to 9 P. M. In the year preceding April 1, 1922, more than 20,000 people made use of the community rest room, and whenever the number was such as to require it, the entire building, with the exception of a part of the second floor, was open to the public. No part of the premises was leased or otherwise used with a view to profit but two rooms were rented to lodgers, producing an income of $132 a year, which was devoted to the purposes of the organization. The officers received no compensation and the members paid annual dues, which were received by the State chapter, from which it furnished aid to schools, and this chapter aided in supporting a school. There was a mortgage on the property, and on occasions some of the rooms were rented to private organizations for entertainments, and tablets were sold to perpetuate the memory of

men and women who had been concerned in the building of the community and who were voted by the chapter worthy of having tablets erected to his or her memory. Eight tablets had been so erected, at $100 each. Other funds were secured by donations and by serving meals and banquets, and all revenues from any sales were devoted to paying for the property and the purposes of the chapter. At Christmas time the building was also devoted to aiding the poor and needy by preparing baskets containing food furnished by the American Legion and goods and toys donated, and the baskets were distributed among the needy of the community. It was the plan and intention of the chapter to fit up a memorial room as soon as funds should be sufficient, wherein would be placed such historical books, manuscripts and war relics as could be secured.

No fixed rule has been established by which it can be determined whether an organization is charitable and whether its property comes within the test established by the statute. The Statute 43 Elizabeth, chap. 4, enumerated twenty-one charities, but in the growth and development of social conditions charities have not been confined to those enumerated and various definitions have been given by the courts. In *Crerar v. Williams,* 145 Ill. 625, the following was regarded as a comprehensive legal definition of a charity: "A charity, in a legal sense, may be more fully defined as a gift, to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works or otherwise lessening the burthens of government." In *Congregational Publishing Society v. Board of Review,* 290 Ill. 108, it was said that charity, in a legal sense, is not confined to mere almsgiving or to the relief of poverty and distress but has a wider signification and embraces the improvement and

happiness of man. A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the well doing and well being of social man. *Ould* v. *Washington Hospital for Foundlings,* 95 U. S. 303.

The question whether the property purchased by a chapter of the Daughters of the American Revolution, known as the Spaulding House, formerly owned and occupied by soldiers who served in the war of the revolution, was exempted from taxation under a statute exempting "literary, benevolent, charitable and scientific institutions," occupied for the purposes of the chapter, was decided by the Supreme Court of Massachusetts in the case of *Molly Varnum Chapter D. A. R.* v. *City of Lowell,* 204 Mass. 487. The chapter was chartered for the purpose of perpetuating the memory of the men and women who achieved American independence, of acquiring and protecting historic spots, encouraging historical research and the publication of its results, preserving documents and relics and individual records of revolutionary soldiers and patriots, and promoting the celebration of patriotic anniversaries or cherishing, maintaining and extending the institutions of American freedom and fostering true patriotism and love of country; also for the purpose of holding real estate so far as may be necessary for its lawful ends. The court said that if the sole object of the chapter had been a gratuitous collection and publication of the facts connected with our revolutionary history the work would have been educational and of great value to the community; that the statute plainly exempted institutions which a court of equity would hold to be within the provisions of the Statute of Elizabeth and in aid of general welfare; that the purposes described in the charter were neither contrary to public policy nor opposed to morality, and the ends served were wholly beneficial to the community; that the fostering of love of country and respect for our civil institutions all tend to raise

the standard and improve the quality of citizenship and not only relieve the burden of government but advance the public good, and that the chapter was entitled to the statutory exemption.   Thomas Walters Chapter was organized to maintain a chapter house, with a community rest room; to preserve the memory of those who had actively promoted the interests of the community, those who had been prominent in the history of the county, State and country,— especially of those who achieved American independence,— and by the promotion of celebrations of political anniversaries, and to cherish, maintain and extend the institutions of American freedom and to foster true patriotism and love of country.   The organization of the chapter and the uses to which its property was devoted were not only for the establishment and maintenance of a community rest room and improvement of social conditions, which were applied religion, but also to impress upon the people the value of our inheritance of freedom and reverence for those who achieved it, to maintain and perpetuate our established system of government which has fulfilled the purposes and expectations of its founders, and to discourage and prevent opposition to the government and its institutions by discontented venders of political nostrums for the cure of supposed evils existing only in perverted theories of government or due to thwarted personal ambitions.   The objects of the organization and the uses of its property were a distinct contribution to the public welfare, and the property has been devoted exclusively to such purposes and not leased or otherwise used for profit.

The property being exempt from taxation, the judgment is affirmed.

*Judgment affirmed.*