(No. 21146.—

THE PEOPLE *ex rel.* Albert N. Nelson, County Collector, Appellee, *vs.* THE ROCKFORD LODGE No. 64, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, Appellant.

*Opinion filed February 19, 1932—Rehearing denied April 12, 1932.*

Stone, C. J., and Heard, J., specially concurring.

Hinchcliff, Miller & Thomas, (Charles A. Thomas, of counsel,) for appellant.

William D. Knight, State's Attorney, Alfred B. Louison, and Robert E. Nash, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

Rockford Lodge No. 64, Benevolent and Protective Order of Elks, objected in the county court of Winnebago county to the application of the county collector for judgment and order of sale against lot 1, in block 9, in the original town of West Rockford, for delinquent taxes for the year 1930. The court overruled the objection and entered judgment as prayed, from which the objector has appealed.

The objection was that the appellant, the owner of the real estate in question, is a corporation organized not for pecuniary profit and is primarily and essentially a charitable organization engaged in charity; that upon the real estate there is a two-story brick building, no part of which is leased or otherwise used with a view to profit except the large reception hall, which is rented to a club for dances one night every two weeks for a period of approximately three months during each year for a rental of from $600 to $700. The building is used by the appellant's members as a club room and lodge room, and the appellant extends the use of the building, without charge, to the American Red Cross, which holds more than fifty meetings a year

there; to the local association of Federated Charities, which holds its meetings there; to the Boy Scouts Association, which holds its meetings there, and to other civic and charitable organizations which use the building extensively without compensation. The appellant engages in charitable enterprises by maintaining and supporting a visiting registered nurse, whose duties are to visit the homes of the sick in the community who are unable to pay for the services of a nurse; by maintaining a boy scout troop of its own; by maintaining a medical clinic for crippled and deformed children, hiring expert physicians and surgeons and giving service to crippled and deformed children without compensation; by conducting at Christmas time a large charity dinner and Christmas tree for all the poor children in the community and distributing gifts of clothing and other necessaries to them. The members of the appellant contribute annual dues, all of which, after deducting the expenses of the operation of the corporation, is paid out for charitable purposes of the community or is turned over to the National Association of Elks Lodges, which uses the money so given to it for the furtherance of charity and public benefit throughout the United States by maintaining a home for its aged and disabled members; an association for the relief of crippled and deformed children in practically all of the United States; a large National Memorial Building in Chicago dedicated to the veterans of the World War, erected at an expense of upwards of a million dollars and containing a large collection of war memorials, and by contributing to many other charitable and memorial purposes throughout the United States.

The charter of the appellant, which was introduced in evidence, states as the object for which it was formed, the "mutual benefit and social intercourse of its members." Charles F. Brown, its secretary, testified in support of the objections that the objects of the corporation are charitable, benevolent and fraternal in character entirely; that the

property is used for social gatherings of the members of the organization and is not used for any purpose other than what is set out in the charter and the purposes which have already been mentioned. The taxes and penalty levied against the property in question amount to $2479.51. There is a building on the adjacent lot which is owned by the Elks Club and is rented. The appellant does not claim that property as exempt. The legal title to the real estate involved in this suit is in the corporation. There are bowling alleys, locker rooms and toilets on the basement floor. The dining room is also on the basement floor, and a charge is made for all meals served which is less than the charge in public restaurants. The charge for the use of the bowling alleys is about two-thirds that of the commercial rate. The cigar and candy counters, the pool tables, lockers and bowling alleys, are maintained for the convenience of the members. The real income is from the dues and very little from the rental of the hall. The approximate amount paid by the Elks Club for charitable purposes during the year is from $9000 to $10,000. The purposes of the Elks Lodge other than shown in the charter, Brown testified, were to promote charity, justice, brotherly love and good fellowship.

Under the authority of section 3 of article 9 of the constitution the legislature has the power to exempt from taxation such property as may be used exclusively for charitable purposes, but only by general law; and it has enacted in section 2 of the Revenue act that all property of beneficent and charitable organizations, when such property is used actually and exclusively for charitable or beneficent purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation. This section did not enlarge the scope of the constitutional provision, and the word "beneficent" as used by the legislature is synonymous with "charitable." *People* v. *Walters Chapter D. A. R.* 311 Ill. 304.

It is a well settled principle of construction thoroughly established in this State, that statutes exempting property from taxation must be strictly construed and cannot be extended by judicial interpretation, and that the burden is on the person claiming that specific property is exempt from taxation to show clearly that it is within the contemplation of the law. *People* v. *Western Seaman's Friend Society,* 87 Ill. 246; *People* v. *Ryan,* 138 id. 263; *People* v. *Wabash Railway Co.* id. 85; *Catholic Knights* v. *Board of Review,* 198 id. 441; *In re Walker,* 200 id. 566; *Supreme Lodge* v. *Board of Review,* 223 id. 54; *Congregational Publishing Society* v. *Board of Review,* 290 id. 108; *In re Allerton,* 296 id. 340; *People* v. *Walters Chapter D. A. R. supra; People* v. *City of Chicago,* 323 Ill. 68; *People* v. *Phi Kappa Sigma,* 326 id. 573; *People* v. *Withers Home,* 312 id. 136.

Two things are necessary to the exemption of property used for charitable purposes from taxation: one, ownership by a charitable organization; the other, its exclusive use for charitable purposes. Neither exists here. The appellant is not a charitable organization under the law. It is a corporation, and its character and the purpose for which it was organized must be ascertained by reference to the terms of its charter. (*Distilling Co.* v. *People,* 161 Ill. 101; *Evanston Illuminating Co.* v. *Kochersperger,* 175 id. 26; *Metropolitan Elevated Railway Co.* v. *City of Chicago,* 261 id. 624; *People* v. *Ravenswood Hospital,* 238 id. 137; *Central Union Telephone Co.* v. *Onken,* 271 id. 638; *People* v. *Wyanet Light Co.* 306 id. 377; *Hall* v. *Woods,* 325 id. 114.) Mutual benefit and social intercourse of its members do not constitute a charitable purpose, however desirable or however beneficial. The property in question is not used exclusively for charitable purposes. The bowling alleys, the pool tables, the dining room and the cigar stand are not supported or maintained for charity. Everything which they supply is paid for by the people to whom they

are supplied. No profit is made but the entertainment and articles supplied are all paid for by the persons who use or enjoy them and the appellant stands the loss for the benefit of the members.

The payment of taxes is necessary to the maintenance of government. The constitution and the law have provided that property devoted to certain uses may, upon a compliance with terms fixed by the law, be exempt from taxation. A strict compliance with these terms is required by law, and in this case the terms have not been complied with. The county court therefore properly overruled the objection of the appellant. This judgment was in accord with the conclusions reached in the following decisions, among others: *Boston Lodge* v. *City of Boston,* 217 Mass. 176, *Green Bay Lodge* v. *City of Green Bay,* 122 Wis. 452, and *St. Louis Lodge* v. *Koeln,* 262 Mo. 444. In *Horton* v. *Colorado Springs Masonic Building Society,* 64 Colo. 529, and *Salt Lake Lodge* v. *Groesbeck,* 40 Utah, 1, the courts arrived at the opposite conclusion, though in each case there was a strong dissenting opinion, with which we agree.

The judgment is affirmed.                    *Judgment affirmed.*

STONE, C. J., and HEARD, J., specially concurring:

We concur in the judgment in this case for the reason that the record shows that the charter of the appellant corporation, by which the property sought to be exempt is held, has for its object the "mutual benefit and social intercourse of its members." This is not a charitable purpose as that term is recognized in the cases. But for reasons given in our special concurrence in *People* v. *Rockford Masonic Temple Building Ass'n, post,* p. 567, we do not concur in the argument of the opinion that the presence of a dining room, rest rooms and the like, tends to show that the primary use of the property is not charitable.