(No. 21153.—

THE PEOPLE ex rel. Albert N. Nelson, County Collector, Appellant, vs. THE ROCKFORD MASONIC TEMPLE BUILDING ASSOCIATION, Appellee.

*Opinion filed February 19, 1932—Rehearing denied April 6, 1932.*

STONE, C. J., and HEARD, J., specially concurring.

WILLIAM D. KNIGHT, State's Attorney, ALFRED B. LOUISON, and ROBERT E. NASH, for appellant.

LATHROP, LATHROP, BROWN & LATHROP, (R. H. BROWN, of counsel,) for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

A judgment was rendered in the county court of Winnebago county sustaining objections to an application for judgment and sale of certain real estate owned by the Rockford Masonic Temple Building Association, a corporation, for taxes, penalties and costs for the year 1930, amounting to $1933.78. The title to the property is held by the corporation for the sole use and benefit of three Masonic orders of Rockford which have equal rights therein and equal representation on all matters of the corporation. The county court held that the property is used by the organizations and by two affiliated orders actually and exclusively for charitable purposes and that it is not leased or otherwise used with a view to profit and therefore is exempt from taxation.

Witnesses for the objector testified to the objects and purposes of the different organizations using the building, and the testimony indisputably disclosed that the object of those organizations is to promulgate the ideals of Masonry, inculcate a moral standard of living, administer to the religious and spiritual life of the members and practice benevolence and charity. The constitution of this State does not exempt any property whatsoever from taxation, but section 3 of article 9 provides that the property of the State, counties and other municipal corporations, both real and personal, and such other property as may be used exclusively for charitable purposes, may be exempted from taxation by general law. Pursuant to the power thus granted to it, the General Assembly by section 2 of the Revenue act (chapter 120) exempted all property of organizations when actually and exclusively used for benefi-

cent and charitable purposes and not leased or otherwise used with a view to profit.

While the evidence discloses that the various organizations which use the objector's property engage in a number of charitable activities, it does not show that the property is used exclusively for charitable purposes. The building located on the real estate sought to be taxed is known as the Rockford Masonic Temple Building. It is of the size, type and character necessary and convenient for the use of the several branches of the Masonic order. As a general rule, the purpose for which a corporation is formed is shown by its charter. (*People* v. *Wyanet Electric Light Co.* 306 Ill. 377; *People* v. *Western Seaman's Friend Society*, 87 id. 246; *Catholic Knights* v. *Board of Review*, 198 id. 441; *Congregational Publishing Society* v. *Board of Review*, 290 id. 108; *People* v. *Walters Chapter D. A. R.* 311 id. 304; *People* v. *Phi Kappa Sigma*, 326 id. 573.) The charter of the objector specifies that the object for which it is formed "is mutual benefit and social intercourse of its members." From the evidence it is apparent that the primary purpose and object of the various organizations which use the building is to promulgate the ideals of Masonry, which include the maintenance of a high moral standard of living and administration to the religious and spiritual life of its members. In carrying out these ideals charity is but an incidental feature. It is not the principal or the exclusive object of the organization, and under the constitution of the State no exemption from taxation can be enjoyed by any organization which does not have charity as its primary object. *School of Domestic Arts* v. *Carr*, 322 Ill. 562; *Congregational Church* v. *Board of Review*, 254 id. 220; *Grand Lodge* v. *Board of Review*, 281 id. 480.

It is the primary use to which property is put which determines the question of tax exemption. Thus, in *Grand Lodge* v. *Board of Review, supra,* a 200-acre farm, with buildings thereon, used exclusively for the care and support

of dependent Master Masons, their widows and orphans, was held to constitute a public charity and exempt from taxation; and a home for working girls, with officers serving without compensation, with free medical attention, was likewise held to be a public charity and exempt from taxation. (*Franklin Square House* v. *Boston,* 188 Mass. 409.) But it is not enough, to exempt property from taxation, that one of several purposes or results is charity. It must be the chief, if not the sole, object. (*Attorney General* v. *Detroit,* 113 Mich. 388.) In *Scottish Rite Building Co.* v. *Lancaster County,* 106 Neb. 95, it was urged that the word "charitable" was intended to include a subjective meaning, such as the encouraging of fraternal principles, but the court said: "Persons or institutions of wealth or means, however generous, who, even though they systematically allot a fixed part of their income to charity, are yet engrossed in pursuits and interests in which charity, while not entirely excluded, does not play a leading part, are not entitled to claim that they devote themselves chiefly to charity. Neither is a fraternal order entitled to claim exemption of its property from taxation because it encourages charity among its members and itself makes substantial donations to charity, when the evidence shows that its principal activities were not in that direction."

An organization with charitable objectives may own property which is exempt from taxation and also property which is not exempt. For example, if it has a home used exclusively for the care and support of dependent aged people the property is exempt, but if it owns a building which is primarily used for a club, or for social or fraternal purposes, or for lodge meetings for the conduct of ritualistic work, such property is not exempt from taxation. Under the evidence the property of the objector is not entitled to exemption from taxation. Therefore the objections to the entry of judgment for sale should have been overruled.

The order of the county court with respect to said property is accordingly reversed and the cause remanded to that court, with directions to overrule the objections and to enter judgment for sale unless the tax, penalties and costs are previously paid.

*Reversed and remanded, with directions.*

STONE, C. J., and HEARD, J., specially concurring:

We concur in the judgment entered in this case for the reason that the record does not show that the Rockford Masonic Temple Building Association, a corporation, is a beneficent and charitable organization. Its charter, which is introduced in evidence, shows the primary purpose of the corporation to be, "the mutual benefit and social intercourse of its members." The statute exempting property from taxation extends such exemption to "all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States, * * * when such property is actually and exclusively used for such charitable or beneficent purposes and not leased or otherwise used with a view to profit." While the corporation in this case is shown to be affiliated with the masonic order, its primary purpose is not shown to be the furtherance of the beneficent purposes of that order, as was shown in *People* v. *Freeport Masonic Temple,* 347 Ill. 180. The exemption is extended, as shown by the statute quoted, to all property of beneficent and charitable organizations when such property is not leased or otherwise used with a view to profit. That the masonic order is a beneficent and charitable organization has been so many times held by this and other courts of this country as to put that question beyond the realm of debate. (*Grand Lodge* v. *Board of Review,* 281 Ill. 480; *Morrow* v. *Smith,* 145 Iowa, 514, 124 N. W. 316; *Philadelphia* v. *Masonic Home,* 160 Pa. St. 572, 28 Atl. 954; *Kansas Masonic Home* v. *Board of Comrs.* 81 Kan. 859, 106 Pac. 1082; *Savannah*

v. *Solomon's Lodge,* 53 Ga. 93; *Indianapolis* v. *Master of Grand Lodge,* 25 Ind. 518; *Fitterer* v. *Crawford,* 157 Mo. 51, 57 S. W. 532; *Newport* v. *Masonic Temple,* 108 Ky. 333, 56 S. W. 405; *State* v. *Board of Assessors,* 34 La. Ann. 574; *Cumberland Lodge* v. *Mayor and City Council,* 127 Tenn. 248, 154 S. W. 1141; *Horton* v. *Colorado Springs Masonic Temple,* 64 Colo. 529, 173 Pac. 61; *Scottish Rite* v. *County Comrs.* 241 N. W. (Neb.) 93.) These decisions are based not upon judicial notice or personal knowledge of the writers of the opinions but upon the record as to the primary purposes of the order of Ancient Free and Accepted Masons. It is a matter of common knowledge, and therefore one of which courts are privileged to take notice, that the primary purposes of the masonic order are the same wherever found.

Counsel have cited in opposition to these authorities, *Scottish Rite Building Co.* v. *Lancaster County,* 106 Neb. 95, 182 N. W. 574. That case was definitely overruled in *Scottish Rite* v. *County Comrs. supra,* decided February 19, 1932, in a well considered opinion, in which numerous decisions of this and other courts are cited.

Whether an organization is a beneficent and charitable one is to be tested by the primary purpose and use to which its property is put. (*First Congregational Church* v. *Board of Review,* 254 Ill. 220; *Grand Lodge* v. *Board of Review, supra.*) The primary purpose of the masonic order being charitable, that order is a beneficent and charitable organization within the contemplation of the statute. That the appellee corporation in this case is affiliated with the masonic order is shown, but, as we have stated, its primary purpose is not shown in this record to be that of carrying out the charitable purpose of the masonic order. Charity, in a legal sense, is not confined to mere almsgiving or relief of poverty and distress but embraces the improvement and happiness of man. A charitable use, where neither law nor public policy forbids, may be applied to almost any-

thing that tends to promote the welldoing and wellbeing of social man. (*People* v. *Freeport Masonic Temple, supra; People* v. *Walters Chapter D. A. R.* 311 Ill. 304; *Ould* v. *Washington Hospital for Foundlings,* 95 U. S. 303; *Varnum Chapter D. A. R.* v. *City of Lowell,* 204 Mass. 484.) The statute requires that the property of charitable organizations, to be exempt, must be actually and exclusively used for charitable purposes. If property is devoted primarily to such charitable purposes as bring it within the exemption statute, an incidental use for another purpose, when not for profit, will not destroy the exemption, although property used incidentally for charitable purposes and having a primary use for another purpose does not come within the exemption. (*School of Domestic Arts* v. *Carr,* 322 Ill. 562; *People* v. *Withers Home,* 312 id. 136.) Exemption statutes are to be strictly construed. This has long been the rule in this State, but it is also clear that the construction of the statute pertaining to exclusive use of property for charitable purposes should not be so narrow as to defeat the purposes of the act. The statute exempts all property of beneficent or charitable organizations so exclusively used and not used with a view to profit. The fact that a building belonging to a beneficent or charitable organization may have a dining hall, rest rooms, or other places where its members may rest and refresh themselves, does not and should not destroy the exemption if the building is not leased or otherwise used for profit. Those features of a building owned by a charitable organization which conduce to an increase in its membership tend directly to increase the support for its primary charitable purposes, and to hold that such features destroy the charitable character of the use to which the building is put, is to place so narrow a construction on the language "actually and exclusively used for such charitable or beneficent purposes," as to deprive such property of an exemption clearly intended by the statute. It may well be observed, moreover, that if such a rule be applied scarcely

any church buildings are exempt, for it is a matter of common knowledge that churches hold entertainments, dinners and bazaars in their church buildings and devote certain rooms therein to the comfort and entertainment of the congregation. Surely those agencies which tend to increase the membership of the organization, when such agencies are not used with a view to profit, cannot be said to destroy the religious or charitable character of either the organization or the use or render such use less actually and exclusively for charitable purposes, as intended by the statute. The test lies rather in the primary use to which the building is put than in the architecture or conveniences of the building. In *Congregational Publishing Society* v. *Board of Review,* 290 Ill. 108, buildings and other property used for the printing and publication of books and Sunday school supplies were held exempt for the reason that the income from the printing plant was used for charitable purposes. Certainly, an argument that a charitable organization which, to further its charitable purposes, erects a building must devote all of its income to charities before its building is paid for, if it be exempt from taxation, is based upon neither justice nor rule of law recognized by this or other courts in this country. As has been frequently said, whether in a given case the property involved is exempt depends upon the facts of that case pertaining to its use and purposes. That an organization which is a charitable one, as that term is defined in the law, may own valuable buildings for the furtherance of its charitable and beneficent purposes, and may so construct the same as to be convenient for the use of its members and for community use, where such buildings are not leased or used for profit, is not only well settled, (*People* v. *Walters Chapter D. A. R. supra,* and *Scottish Rite* v. *County Comrs. supra,* and cases there cited,) but is a conclusion necessary to a fair interpretation of the language of the exemption statute pertaining to charitable organizations.