(No. 22483.—

TURNVEREIN "LINCOLN," *vs.* THE BOARD OF APPEALS OF COOK COUNTY.

*Opinion filed October 24, 1934.*

Owens & Owens, for Turnverein "Lincoln."

Thomas J. Courtney, State's Attorney, (Hayden N. Bell, Jacob Shamberg, William P. Kearney, and Brendan Q. O'Brien, of counsel,) for the Board of Appeals.

Mr. Justice DeYoung delivered the opinion of the court:

Turnverein "Lincoln" filed a complaint with the board of appeals of Cook county by which it sought to have a parcel of land owned by it declared exempt from taxation for the year 1931. The board decided that the property was taxable and denied the claim for exemption. The complainant prosecuted an appeal to the State Tax Commission and that body heard evidence in support of the complaint. Pursuant to the provisions of section 35e of the Revenue act of 1898, as amended (Cahill's Stat. 1933, p. 2368; Smith's Stat. 1933, p. 2422), the tax commission has certified the record of the cause to this court and prays that the order of the board of appeals be approved and confirmed.

The appellant, Turnverein "Lincoln," was organized on October 7, 1885, as a domestic corporation not for pecu-

niary profit. The object for which it was formed, as disclosed by its charter, is the "Realization of the principles of humanity and of decisive progress, to be accomplished by fostering all exercises addicted to strengthen physically and mentally." The management of the corporation is vested in a board of nine directors. The property for which exemption from taxation is sought is situated on Diversey parkway, in the city of Chicago. It consists of a parcel of ground which has a north frontage of two hundred feet and a depth of one hundred twenty-five feet and is improved by two brick buildings, one erected in 1885 and the other in 1921. The first floor of the east or older building is occupied by a cafeteria, a restaurant and a large auxiliary gymnasium and lecture room. A lodge hall, storage and rest rooms, a room reserved for kitchen service, the janitor's quarters and a gymnasium and exhibition hall are located on the upper floor. Four stores occupy the street frontage of the newer building. To the rear of these stores are a lobby, a natatorium, men's and women's lockers and shower baths and the office of the corporation. On the second floor of this building a gymnasium, two class-rooms and three other rooms, one for an instructor, another for apparatus and the third for storage are located. The net profits derived from the restaurant are divided between its managers and the corporation, and if a deficit is incurred, the latter bears the loss. Each of the stores is leased to a tenant at a monthly rental of $50. The lodge hall is let for various purposes, including dances and theatricals, the charge for Saturday night being $40 and for any other night $20.

The claim for exemption presented to the board of appeals was supported by the affidavit of the corporation's manager. From this affidavit it appeared that classes in English, German, physiology, geology, structure and care of the body, bone-setting, life-saving, first aid to the injured, dramatics and singing were conducted on the premises;

that children were permitted to attend certain classes in physical culture without paying tuition; that a circulating library of about five hundred volumes was maintained; that contributions were made to the support of a college at Indianapolis; that the complainant assisted other Turner societies in the maintenance of a fresh air camp on the Fox river near Algonquin to which its members might repair without charge; that children were boarded free at this camp if their parents were unable to pay for their meals, and that a sick benefit auxiliary was operated for the members which, in case of illness, paid a maximum of $8 per week during thirteen weeks, and $50 in case of death.

It further appeared from the affidavit that seventy per cent of the space in the building was used for corporate purposes and the remaining thirty per cent was occupied by stores; that although the stores were of some convenience to the members of the corporation and their friends, the rentals derived from them had never been sufficient to defray the cost and expense of their maintenance and operation; that the directors and the officers performed their duties without remuneration and were assisted by members who likewise donated their services; that the annual membership dues were $15 which included all privileges for members and their families; that if a member could not pay his dues, the obligation was canceled on the corporation's books and that less than fifty per cent of the members had paid their dues during recent years but that through the receipt of donations from other members a deficit had been avoided.

From the statement of facts submitted by the county assessor to the tax commission, it appeared that three hundred fifty persons were members of Turnverein "Lincoln"; that according to its circulars, to enjoy the privileges of the organization, members were required to pay their dues in advance; that although no classes in subjects commonly

taught in public schools were conducted on the premises, classes in swimming and gymnastics, separated on the basis of sex and age, were held during the winter months and that non-members were allowed to attend these classes upon the payment of a fee of approximately $7.50 per term.

The appellant, by its complaint filed with the board of appeals, charged that it devoted its property exclusively to educational, benevolent and charitable purposes. Its contention is that by the first and seventh subdivisions of section 2 of the Revenue act, approved March 30, 1872, as subsequently amended, its property is exempt from taxation.

Section 3 of article 9 of the constitution provides that "The property of the State, counties, and other municipal corporations, both real and personal, and such other property as may be used exclusively for agricultural and horticultural societies, for school, religious, cemetery and charitable purposes, may be exempted from taxation; but such exemption shall be only by general law." This constitutional provision is not self-executing and exemptions, within the limitations prescribed, exist only when created by a general law enacted by the legislature. (*St. John Evangelical Lutheran Congregation* v. *Board of Appeals*, 357 Ill. 69; *People* v. *University of Illinois*, 328 id. 377; *People* v. *Northwestern College*, 322 id. 120; *People* v. *Deutsche Gemeinde*, 249 id. 132). In determining whether property is included within the scope of an exemption, the statute must be strictly construed and all debatable questions will be resolved in favor of taxation. (*Glen Oak Cemetery Co.* v. *Board of Appeals, ante,* p. 48; *People* v. *University of Illinois*, 357 Ill. 369; *People* v. *Rockford Lodge B. P. O. E.* 348 id. 528; *People* v. *Northwestern College,* 322 id. 120; *People* v. *Withers Home,* 312 id. 136; *First Congregational Church* v. *Board of Review,* 254 id. 220; *Montgomery* v. *Wyman,* 130 id. 17). Courts have no power to create exemptions from taxation by judicial construction; and the burden of establishing statu-

tory authority within the limitations of the constitution for such an exemption rests upon the person who asserts it. *Glen Oak Cemetery Co.* v. *Board of Appeals, supra; People* v. *Rockford Lodge B. P. O. E. supra; People* v. *University of Illinois,* 328 Ill. 377; *People* v. *Northwestern College, supra; People* v. *Withers Home, supra; Knox College* v. *Board of Review,* 308 Ill. 160; *Smith* v. *Board of Review,* 305 id. 38; *People* v. *Deutsche Gemeinde,* 249 id. 132; *Catholic Knights* v. *Board of Review,* 198 id. 441; *Bloomington Cemetery Ass'n* v. *People,* 170 id. 377; *People* v. *Ryan,* 138 id. 263; *Montgomery* v. *Wyman, supra.*

The solution of the question whether a designated parcel of property is exempt from taxation requires a consideration of the facts of the particular case. The primary use to which the property is devoted, and not its secondary or incidental use, is controlling. (*People* v. *Rockford Masonic Ass'n,* 348 Ill. 567; *School of Domestic Arts* v. *Carr,* 322 id. 562; *People* v. *Northwestern College,* 322 id. 120; *People* v. *Withers Home,* 312 id. 136; *People* v. *Catholic Bishop of Chicago,* 311 id. 11; *Grand Lodge* v. *Board of Review,* 281 id. 480; *First Congregational Church* v. *Board of Review,* 254 id. 220; *People* v. *First Congregational Church,* 232 id. 158). If the property is devoted to a purpose exempt within the contemplation of the law, an incidental use of its facilities for another purpose, when not for profit, will not defeat the exemption. Conversely, property used incidentally for an exempt purpose and having a primary use for another purpose is not exempt. *School of Domestic Arts* v. *Carr, supra; People* v. *Withers Home, supra; Grand Lodge* v. *Board of Review, supra; First Congregational Church* v. *Board of Review,* 254 Ill. 220; *People* v. *First Congregational Church,* 232 id. 158.

The first subdivision of section 2 of the act entitled "An act for the assessment of property and for the levy and

collection of taxes," approved March 30, 1872, as amended (Cahill's Stat. 1933, p. 2303; Smith's Stat. 1933, p. 2352), declares that exemption from taxes shall extend to "all property of schools, including the real estate on which the schools are located and any other real estate used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit." A school, within the scope of section 3 of article 9 of the constitution, is a place where systematic instruction in useful branches is given by methods common to schools and institutions of learning, which would make the place a school in the common acceptation of that word. (*People* v. *Deutsche Gemeinde,* 249 Ill. 132). Property owned by a school, used exclusively for school purposes and not leased or otherwise used with a view to profit is embraced within the exemption. *People* v. *North Central College,* 336 Ill. 263; *School of Domestic Arts* v. *Carr,* 322 id. 562.

The appellant is a corporation and, as a general rule, the character of a corporation and the object for which it was organized must be ascertained from its charter or certificate of incorporation. (*People* v. *Rockford Masonic Ass'n,* 348 Ill. 567; *People* v. *Rockford Lodge B. P. O. E.* 348 id. 528; *People* v. *Wyanet Electric Light Co.* 306 id. 377; *Distilling Co.* v. *People,* 161 id. 101). The type or character of the appellant is indicated by its name. A turnverein is defined in Webster's New International Dictionary as "A company or association of gymnasts and athletes." The definition found in the Century Dictionary is: "An association for the practice of gymnastics according to the system of the Turners." Murray's New English Dictionary defines a Turner as "A member of one of the gymnastic societies instituted in Germany by F. L. Jahn (1778-1852)." It appears therefore that in many respects the turnverein does not differ essentially from clubs or associations devoted principally to athletics and physical culture. Recourse to the object for which the appellant

was formed, namely, the "Realization of the principles of humanity and of decisive progress, to be accomplished by fostering all exercises addicted to strengthen physically and mentally," indicates neither the establishment of a school nor the dedication of its property to school purposes exclusively. The property involved in this proceeding is owned and operated by the appellant primarily to furnish its members and their families facilities for physical exercise and recreation. The use of the property for school purposes is incidental to its basic use. Manifestly, neither in organization nor purpose, is the appellant a school within the meaning of the constitutional and statutory provisions upon which it predicates its claim to the exemption of its property from taxation.

It is conceded by the appellant that a substantial portion of its property is leased to tenants for business purposes and that they are engaged in commercial enterprises. It argues, however, that the stores were not leased with a view to profit, first, because it is a corporation not for profit, and secondly, because the income from the stores was offset by operating expenses. Educational institutions, particularly of the higher order, are not organized for profit, and the application of the revenues derived from property owned by such an institution to school purposes will not exempt the property producing the revenues from taxation unless the particular property itself is devoted exclusively to such purposes. (*People* v. *University of Illinois*, 357 Ill. 369; *Monticello Seminary* v. *Board of Review*, 249 id. 481; *Northwestern University* v. *People*, ·80 id. 333). The constitution and the statute make a material difference between the actual and exclusive use of property for school purposes and the application of the income derived from tenants occupying such property to the same purposes. The actual uses which produced the income from the stores and the restaurant occupying portions of the appellant's property clearly were not school

uses or for school purposes and had no direct or integral relation to a school. The mere fact that property is owned by a non-profit corporation affords no basis for exempting the property from taxation. Concerning the second ground urged, that the income from the stores was offset by the operating expenses, it need only be observed that if property, however owned, is let for a return, it is used for profit and so far as its liability to the burden of taxation is concerned, it is immaterial whether the owner actually makes a profit or sustains a loss. *People* v. *Withers Home,* 312 Ill. 136.

By the seventh subdivision of section 2 of the Revenue act (Cahill's Stat. 1933, p. 2303; Smith's Stat. 1933, p. 2354) exemption from taxation is accorded to "all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States * * * when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit." The appellant claims that its property is exempt from taxation because it is the property of a charitable institution and is used exclusively for beneficent and charitable purposes. The word "beneficent," as employed in the foregoing subdivision, has been construed as synonymous with "charitable." (*People* v. *Rockford Lodge B. P. O. E.* 348 Ill. 528; *School of Domestic Arts* v. *Carr,* 322 id. 562; *People* v. *Walters Chapter D. A. R.* 311 id. 304). To sustain a claim for exemption of property from taxation on the ground that it is used for charitable purposes, two conditions are essential: first, ownership by a charitable organization, and, second, its exclusive use for charitable purposes. *People* v. *Rockford Lodge B. P. O. E.* 348 Ill. 528; *People* v. *Rockford Masonic Ass'n,* 348 id. 567; *People* v. *Dixon Masonic Building Ass'n,* 348 id. 593.

The character of the appellant and the object for which it was organized, however laudable and beneficial, disclose

that it is not primarily a charitable organization under the law. The income of the appellant consists of the annual dues of its members, the fees of non-members for the use of its athletic facilities, a percentage of the profits resulting from the operation of the restaurant, the rent from the four stores and the lodge hall, and the gifts of its members. The use of an organization's property for athletic and social purposes by members who pay dues and by non-members upon the payment of fees does not constitute a dedication of the property to charitable purposes. The public was invited to patronize the restaurant and to enjoy the service it rendered for compensation. The stores were leased to tenants whose customers were not confined to the members of the appellant. These businesses were conducted with a view to profit and admittedly none was a charitable enterprise. The appellant, however, emphasizes four of its activities as charitable, namely, the free admission of certain children to its physical culture classes; the service of meals without charge to a limited number of children at the camp on the Fox river; the contributions to the support of a college at Indianapolis and the library of approximately five hundred volumes. The limitations upon the first and the second and the extent of the third were not disclosed. The maintenance of the library, even if its advantages were not confined to the membership, was incidental to the object for which the appellant was organized. It is apparent that in seeking to attain that object, the dispensation of charity was not its primary concern and that its property was not used for or devoted to charitable purposes exclusively.

The order of the board of appeals is confirmed.

*Order confirmed.*