(No. 24621.—

THE OAK PARK CLUB, Appellee, *vs.* HORACE G. LINDHEIMER, County Collector, *et al.* Appellants.

*Opinion filed October 13, 1938.*

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-BERG, MARSHALL V. KEARNEY, FRANCIS S. CLAMITZ, and JOHN C. CONNERY, of counsel,) for appellants.

ROSENBERG, TOOMIN & STEIN, and CHARLES M. HICK-MAN, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

The Oak Park Club, a corporation, claiming to be a charitable organization, filed in the circuit court of Cook county a complaint seeking to have its real estate declared exempt from taxation for the years 1930 to 1934. The complaint alleged that the taxes extended for those years, and a forfeiture of the property for the year 1931 for the non-payment of taxes, constitute clouds upon the plaintiff's title which should be removed; that the forfeiture mentioned should be vacated and set aside, and that the taxing officials of Cook county, named as defendants, should be enjoined from collecting or attempting to collect the taxes for the years mentioned. The county treasurer and *ex officio* collector, the county clerk and the assessor of Cook county answered the complaint, denying that the property of the Oak Park Club should be exempt from taxation for the reasons alleged in the complaint. Evidence was heard and the court entered a decree granting the relief prayed. From that decree the defendants prosecute this appeal.

The property of the Oak Park Club consists of a lot in Oak Park, improved with a three-story brick building, of a value in excess of $227,000. In the basement or first floor are a swimming-pool, bowling-room and lockers. On the second floor are lunch and dining-rooms, a card-room and a billiard-room. On the third floor are a ball-room, parlors, ladies' room and a room designed as a library, now used as a meeting place for civic organizations and service clubs.

The certificate of incorporation of the club states that the purpose of the organization is "to promote social inter-

course and the general improvement and welfare of its members and of the community." By-laws contain provisions relative to the privileges and duties of members, officers and committees. Twelve standing committees are provided for, the functions of ten of which relate to the ordinary business, literary, recreational and social activities of the club. Two of the committees are called respectively, "Co-operative Charities Committee" and "Christmas Basket Committee." The first of these charity committees provides for civic and charity work, such as investigating organized charities of the community and extending worthy organizations the facilities of the club for social gatherings, monthly and annual business meetings, and such other functions as might be necessary for the furtherance of the plans of the group, and the second provides for solicitation, collection and distribution of food, clothing, toys and other commodities for the use of such deserving families and such of the organized charities as the committee shall select. These two committees were created after the taxes for the years 1930 to 1934 were extended against the plaintiff's property.

Membership in the club is by election. The membership is limited to seven hundred regular members; fifty non-resident members; fifty women members, and certain other limited memberships. The minimum charge for a regular membership is $500. In addition, each regular member is required to pay $50 a year dues for current operating and administration charges, and an additional annual sum of $10 is required of the regular members as a contribution to a special fund to retire mortgage bonds. Regular members acquire an undivided interest in the property of the club.

The evidence discloses that the various recreational and social departments of the club are primarily for the members of the club though civic and community organizations are afforded the facilities of the club for lectures and meetings of various kinds. The programs for these meetings are given under the direction of the respective organizations.

Charges are made by the club only for meals, when that service is required, for rental of equipment and for cleaning the building. The use of the building for the purposes mentioned is a part of the club's general welfare program for the benefit of the community. The certificate of incorporation, which is the controlling evidence of the purpose for which the organization was created, and the other evidence introduced, discloses that the chief permanent, continuous activities of the club, when the taxes in question were extended, were social and recreational in their nature, and these do not constitute a charitable purpose. Civic, educational and charitable activities were and are carried on within the club without any attempt to differentiate those strictly charitable. Assuming that the civic and educational activities are all of a charitable character they have not been shown to be the major functions of the club. The property of a club or other organization, to be exempt from taxation, must be used primarily for charitable purposes. *Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135; *People* v. *Rockford Lodge B.P.O.E.* 348 id. 528; *People* v. *Rockford Masonic Temple Ass'n,* id. 567; *School of Domestic Arts* v. *Carr,* 322 id. 562; *First Congregational Church* v. *Board of Review,* 254 id. 220.

One of the allegations in the complaint is that the board of appeals of Cook county adjudged the property of the plaintiff to be exempt from taxation for the year 1935, and the assessor found the property to be exempt for the year 1936, because the business of the club was not conducted for profit. The fact that no profit is made is not of controlling importance. (*People* v. *Rockford Lodge B.P.O.E. supra.*) The action of the assessing bodies for the years mentioned is not binding upon the court with respect to the assessment of taxes. (*People* v. *City of St. Louis,* 367 Ill. 57; *People* v. *University of Illinois,* 357 id. 369.) Courts have no power to create exemptions from taxation by judicial construction. The burden of establishing statutory

authority within the limitations of the constitution for such an exemption rests upon the person who asserts it. (*Turnverein "Lincoln"* v. *Board of Appeals, supra; People* v. *Rockford Lodge B.P.O.E. supra.*) The plaintiff has failed to sustain the burden imposed upon it. The certificate of incorporation, the by-laws and the oral testimony disclose that the primary purpose of the club, when the taxes for the years 1930 to 1934 were imposed, was social, and that the charitable work of the club was secondary. The property of the club is not exempt from the taxes imposed for the years in question, and the plaintiff is not entitled to the relief prayed in the complaint.

The decree of the circuit court is, therefore, reversed.

*Decree reversed.*