THE COUNTY OF WINNEBAGO *ex rel.* CORBIN B. MUNSON, County Collector, Plaintiff-Appellee, *v.* OWNERS OF PROPERTY, LANDS AND LOTS, *etc.,* DELINQUENT FOR TAXES 1969, *et al.,* Defendants—(THE ROCKFORD JEWISH COMMUNITY COUNCIL, Defendant-Appellant.)

(No. 71-387;

Second District—May 25, 1973.

Connolly, Oliver, Goddard & Coplan, of Rockford, (Lewis B. Kaplan, of counsel,) for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (William H. Gates, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant, the Rockford Jewish Community Council, an Illinois not-for-profit corporation, appeals from an order in favor of plaintiff, the County of Winnebago, wherein certain of defendant's realty was denied tax exempt status. The appeal was transferred from the Supreme Court.

The Jewish Community Center of Rockford, Inc., also an Illinois not-for-profit corporation, is the "operating arm" of the defendant. No question is raised as to the charitable purposes of either corporation.

Defendant owns real estate improved with buildings, a swimming pool and other recreational facilities. Until 1969, the premises enjoyed a tax exempt status. That year, however, the land upon which the pool is located was assessed for taxes. The Board of Review denied a tax-free status, and defendant paid the taxes under protest.

Testimony and exhibits established that the membership in the Center, open to anyone, consisted of 248 families who paid annual dues of $85, which entitled them to the use of the total facilities; that the Center, a recipient of United Fund money, operated programs for a day camp and a nursery school for which charges were made, the charges determined on a sliding scale based upon a family's ability to pay; that in 1969, six children were admitted to the day camp program at no charge; that children in the day camp had free use of the pool as did other groups who benefited under the United Fund; that, on scheduled hours, three such groups used the pool during 1969, one having used it one day a week for two hours; that the products of a pool-side snack bar were available at a charge and that the use of the pool, except as stated, was confined to members only or guests of members for whom a $.50 charge was imposed. It was further established that in 1969, the Center suffered a loss of $584.76 in its total operation.

■■■ Statutes allowing tax exemptions are to be strictly construed. Where exemption is claimed on charitable grounds, two elements must be proved: the property is owned by a charitable organization and the property is devoted exclusively to charitable purposes. It is insufficient that one of several uses results in charity, as charity must be the chief or primary use to which the property is devoted. In such case, the burden is on the claimant and the proof must clearly show that the property comes under the statute allowing the exemption. See, *People v. Rockford Lodge B.P.O.E.*, 348 Ill. 528 (1932); *People v. Rockford Masonic Ass'n*, 348 Ill. 567 (1932); *North Shore Post No. 21 v. Korzen*, 38 Ill.2d 231 (1967); *Childrens Development Center v. Olson*, 52 Ill.2d 332 (1972).

■■■ Although evidence in the instant case discloses that the pool, on

a few occasions, was used without charge by participating groups of the United Fund, such use was on a limited and scheduled basis. The general use of the pool was confined to dues-paying members and their guests. The fact that the Center suffered a financial loss is evidence of its not-for-profit status and not the test for establishing a tax exempt condition.

We hold that the defendant failed in its burden to prove by clear evidence that the primary use of the land upon which the pool is located was devoted to charitable purposes and thus find that the property is not exempt from taxation under the statute.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.