The Mayor, etc., of Savannah *et al. vs.* Solomon's Lodge, etc.

THE MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH *et al.*, plaintiffs in error, *vs.* SOLOMON'S LODGE, No. 1, F. AND A. M., defendant in error.

A masonic lodge being a charitable institution, is exempt from taxation. This exemption extends to any house belonging to it.

Injunction. Taxes. ´ Before Judge SCHLEY. Chatham county. At Chambers. November 26th, 1874.

For the facts of this case, see the decision.

W. S. BASINGER, for plaintiffs in error.

RUFUS E. LESTER, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendants, praying for an injunction to restrain the collection of a city tax on the property of complainant as set forth in its bill, on the ground that said property is not subject to taxation under the laws of this state. The presiding judge granted the injunction prayed for, and the defendants excepted. The complainant alleges in its bill that it is a body corporate under the laws of this state, by the name of "Solomon's Lodge, Number one, Free and Accepted Masons;" that it is a charitable institution, and that the city property taxed, is held and used by it for charitable purposes. By the 798th section of the Code "all poor houses, alms houses, houses of industry, and *any house belonging to any charitable institution,*" are declared to be exempt from taxation. Is a masonic lodge a charitable institution? It was so recognized and styled by the general assembly of this state as far back as 1796: See Marbury & Crawford's Digest, 147. Assuming, as we are authorized to do, that a masonic lodge is a charitable institution, it necessarily follows from the express words of the statute, that *any house* belonging to it, is exempt from taxation. The 11th paragraph of the 798th section of the Code, declares that all

stocks owned by the state, or by literary or charitable institutions, for *the legitimate purposes of such*, shall be exempt from taxation. It is insisted by the plaintiffs in error, that the words "any house belonging to any charitable institution," should not be construed so as to mean *every* house belonging to *every* charitable institution. The reply is, that the words "any house belonging to any charitable institution," are broad enough to include the house belonging to the complainant, as set forth in its bill. It is competent for the general assembly to pass an act restricting the meaning of the words contained in the Code, but until it shall do so, it is the duty of the courts to construe them in accordance with the plain and unambiguous terms thereof.

Let the judgment of the court below be affirmed.