FORT DES MOINES LODGE No. 25, I. O. O. F., v. THE COUNTY OF POLK ET AL.

1. **Taxation:** PROPERTY OF BENEVOLENT SOCIETY: WHEN NOT EXEMPT. A building owned by a benevolent society and leased for pecuniary profit is taxable, although built with a fund which was exempt, and into which the rents are paid.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 22.

THE material allegations of the petition are, in substance, as follows:

The plaintiff is a corporation organized under the laws of Iowa for benevolent and charitable purposes. It created a "widows' and orphans' fund" for the purpose of carrying out the object and intent of its organization. Said fund is used exclusively for the maintenance of the widows and orphans of deceased members of said lodge. In 1854 the fund had accumulated to some extent and it was deemed best by the plaintiff to purchase therewith certain lots in the city of Des Moines and erect thereon a business block, which was done. The money expended for that purpose belonged

exclusively to said fund, and the plaintiff holds the legal title to said real estate in trust for the purpose for which it was intended. Since the erection of said building the same has been leased for business purposes, and the income appropriated to paying for repairing the building and necessary expenses connected therewith, and the remainder placed in said fund, which has been exclusively devoted to the purpose for which it was created.

The said real estate has been assessed for taxation, and the ordinary taxes have been levied thereon, and it is prayed that the collection of said taxes be enjoined, upon the ground that said property is not, under the law, liable to taxation.

There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Wright, Gatch & Wright*, for appellant.

*John A. McCall*, for appellees.

Rothrock, J. — The only question for determination is whether the said real estate is exempt from taxation. Counsel for appellant concede the rule to be that exemption from taxation is the exception, and that it must rest on some clear expression of the legislative will. Turning to the statute, we find it provides as follows: "The following classes of property are not to be taxed: *     *     *     *     All public libraries; grounds and buildings of literary and religious institutions and societies, devoted solely to the appropriate objects of these institutions, *     *     *     * and not leased or otherwise used with a view to pecuniary profit." Code, § 797.

1. TAXATION: property of benevolent society: when not exempt.

Keeping in view the rule above stated, this section of the statute must be construed as requiring the property in question to be taxed. Indeed, it, in effect, declares that leased property shall not be exempt from taxation. Under the statute it is immaterial to what the income from leased property

is devoted. The property being leased for business purposes, and an income obtained therefrom, its status as taxable prop-is thereby fixed. This distinguishes the case from *The Trustees of Griswold College v. The State*, 46 Iowa, 275, and *Cook v. Hutchins*, Id., 706.

Counsel for appellant in an able and ingenious argument maintain that the money, before it was invested in real estate, was not taxable, and that accumulations thereof derived from loaning it would also have been exempt, and as this investment was made to accomplish the same object, the same result should follow. But it seems to us the conclusive reply to this argument is that the statute does not so provide.

AFFIRMED.