AUDITOR GENERAL *v.* WOMEN'S TEMPERANCE ASSOCIATION OF MANISTEE.

TAXES—EXEMPTIONS—LIBRARY BUILDINGS—SOLE OCCUPANCY.
  A building erected by an association incorporated for the main-tenance of a free public reading room and library is not occupied by it "solely" for such purpose, within the meaning of Act No. 206, Pub. Acts 1893, § 7, subd. 4, conferring in such case exemption from taxation, where the premises were leased to and used by a social club on condition that it maintain such room and library, and a part of the building was sublet to a military organization.

Appeal from Manistee; McMahon, J. Submitted January 6, 1899. Decided March 6, 1899.

Petition by Roscoe D. Dix, auditor general, for the sale

of lands delinquent for taxes: On objections filed by the Women's Temperance Association of Manistee. From a decree for defendant, petitioner appeals. Reversed.

*Frank L. Fowler*, Prosecuting Attorney, for petitioner.

*Dovel & Smith*, for defendant.

LONG; J. The defendant is a corporation organized under Act No. 356, Laws 1865, being an act authorizing the formation of corporations for literary and scientific purposes. The articles of incorporation were executed in March, 1874, and the corporation formed "for the purpose of furnishing a free public reading room and library." For the purpose of carrying this object into effect, certain real estate was donated, consisting of two lots in the city of Manistee, and, with individual contributions, a two-story building was erected thereon, and dedicated to the purpose of maintaining and supporting a free public reading room and library, which has been continued up to the present time. The only means the association had for maintaining and supporting the reading room was derived from the second story, which was used for public entertainments and social gatherings. In 1888 the expense of maintaining the reading room exceeded the income from the building by $275, which the association was unable to pay. To meet this indebtedness, and insure the continuance of the free reading room and library, the association entered into a lease with the Olympian Club of that city, for a term of 99 years, upon the condition, among others, that the club should keep a public reading room similar to the one theretofore kept by the Women's Temperance Association. Since the lease of the building, the Women's Temperance Association has had no control over, or occupancy of, said building. At the time of the assessment of the taxes now in question, and for several years previous thereto, the upper floor was rented to the Manistee Light Guards, one of the military companies of the State, and the rent was paid to the Olympian Club. Half of

the first floor was occupied as a reading room, and the other half was used by the club for its own members, and contained pool and billiard tables, etc. The basement contained the heating apparatus for the whole building. The lease was silent as to taxes. The taxes were assessed for the year 1895, and the claim was made in the court below, by the Women's Temperance Association, that the premises are exempt from taxation under the statute. The court so held, and set the taxes aside. The auditor general has appealed.

Subdivision 4, § 7, Act No. 206, Pub. Acts 1893, under which the taxes were assessed, provides: ''Such real estate as shall be owned and occupied by library, benevolent, charitable, educational, and scientific institutions, incorporated under the laws of this State, with the buildings and other property thereon, while occupied by them solely for the purposes for which they were incorporated,'' shall be exempt from taxation. The only question is whether the building was occupied by the Women's Temperance Association *solely* for the purpose for which it was incorporated, within the meaning of this act.

In *Detroit Young Men's Soc.* v. *Mayor, etc., of Detroit*, 3 Mich. 172, it appeared that the tax law (Act No. 86, Laws 1853)'provided that ''the personal property of all library, benevolent, charitable, and scientific institutions incorporated within this State, and such real estate belonging to such institutions as shall actually be occupied by them for the purposes for which they were incorporated,'' should be exempt from taxation. The plaintiff was incorporated ''for the purposes of moral and intellectual improvement.'' It was said:

''Exemption laws of this character, though beneficent in their objects, are in derogation of equal rights, and must be construed strictly.  *  *  *  Nothing can be holden to be exempt by implication. Did the plaintiff actually occupy the whole of the property taxed? Clearly not. It follows, therefore, that it is not all exempt.  *  *  * The occupation contemplated by the statute must be exclusive.''

It appeared in that case that the plaintiff occupied the upper rooms only, while the cellars, first story, and offices of its building had been rented to others.

In *Purvis* v. *Traill*, 3 Exch. 344, it appeared that the lecture hall and other rooms occupied for the purposes of the institution were occasionally rented for other purposes. It was held, under Stat. 6 & 7 Vict. c. 36, § 1, which is substantially like our statute, though not containing the words "solely" or "exclusively," that the property was subject to taxation. Under a similar statute in Iowa, where the word "solely" was used in the exemption clause, it was held that a building belonging to a benevolent society, and leased for pecuniary profit, was not exempt, although the fund from which it was built might have been exempt. The court said: "The property being leased for business purposes, and an income obtained therefrom, its *status* as taxable property is thereby fixed." *Fort Des Moines Lodge* v. *County of Polk*, 56 Iowa, 34.

We are of the opinion that this property was not occupied by the defendant "solely for the purposes for which it was incorporated," within the meaning of the statute, and that the court was in error in so holding. The decree below must be reversed, and a decree entered here subjecting the property to the lien of these taxes, with costs of both courts in favor of the auditor general.

The other Justices concurred.