(No. 21154.—
THE PEOPLE *ex rel.* Dorrance S. Thompson, County Collector, Appellee, *vs.* THE DIXON MASONIC BUILDING ASSOCIATION *et al.* Appellants.

*Opinion filed April 23, 1932—Rehearing denied June 10, 1932.*

STONE, C. J., and HEARD, J., dissenting.

GROVER W. GEHANT, and ELWIN M. BUNNELL, for appellants.

MARK C. KELLER, State's Attorney, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:
The county collector of Lee county made an application in the county court of that county in June, 1929, for a judgment for sale of four lots in the city of Dixon assessed in the name of the Dixon Masonic Lodge, for delinquent general taxes for the year 1928 in the sum of $801.45, and in June, 1930, he also made an application for a judgment for sale of said lots for the delinquent general taxes for 1929, amounting to $822.80. Objections to both applications were filed by the Dixon Masonic Building Association and the affiliated masonic bodies of Dixon, to-wit: Friendship Lodge No. 7, A. F. & A. M., Nachusa Chapter No. 56, R. A. M., Dixon Council No. 7, R. & S. M., and Dixon Commandery No. 21, K. T. The building association is an Illinois corporation not for pecuniary profit It is the owner of the title of record to said premises for the joint occupancy, use and benefit of the other objectors. The applications and objections for both years were by agreement of parties consolidated, and the causes were heard on a stipulation of facts, together with oral and documentary evidence. The basic ground of the objections is, that the property was used exclusively by the aforesaid affiliated masonic orders and is exempt from taxation under section 2 of chapter 120, known as the Revenue act, which provides that all property of institutions of public charity, when actually and exclusively used for such charitable purposes and not leased or otherwise used with a view to profit, shall be exempt from taxation. The charter of the Dixon Masonic Building Association was not offered in evidence. According to the testimony the purpose of the association is to provide a place for holding meetings of the Masons

of Dixon, Illinois. The record shows that the Masonic Temple, a two-story building, is located on said lots. In the upper story is the lodge room, with halls and ante-rooms used exclusively by the masonic bodies for ceremonial and degree purposes. On the first floor there is a large banquet or ball room, with adjoining small dining rooms, kitchen, hall and cloak rooms. On the south half of the first floor are a library room, two parlors, a club room used by the members for playing cards and billiards, a ladies' rest room and a cloak room. In the building there are also rooms for the recorder, the secretary, and for paraphernalia and equipment. The basement contains rooms for the heating plant, ventilating equipment, and storage. The building association has no income except that which is contributed by the affiliated bodies for whose use it holds title to the premises. From this source it derives the necessary funds with which to pay the expenses of up-keep and to discharge the bonded indebtedness. The building and premises are used exclusively for masonic purposes, except that the banquet room is sometimes used by organizations of Dixon, such as the Chamber of Commerce, the Kiwanis Club, the Lee County Bar Association and various church organizations, for occasional banquets and social functions. No rent is exacted from any of these organizations, but they are expected to defray the expenses incidental to the use on such occasions.

The county court found that it did not have jurisdiction to determine whether or not the property is exempt from taxation, and held that question should have been first presented to the board of review. That court also held that no sufficient defense was made or cause shown why judgment should not be entered against the real estate for the taxes, interest and penalties due. Judgment was accordingly rendered for the total amount thereof, to-wit, $1657.41, and an order of sale was entered. From that judgment and order an appeal was taken to this court.

The statement of facts in this case discloses a situation almost identical with that involved in *People* v. *Rockford Masonic Temple Building Ass'n, ante,* p. 567. In that case we held that even though a masonic lodge has public benevolence and charity for its primary purposes, its property is not exempt from taxation unless it is used actually and exclusively for such purposes. The use to which property is put, and not the character of the organization which owns it, determines the question of tax exemption. A charitable organization may own property which is exempt and it may own other property which is not exempt from taxation. A farm, with buildings used exclusively for the support of dependent Master Masons, their widows and orphans, is exempt from taxation, (*Grand Lodge* v. *Board of Review,* 281 Ill. 480,) but a building used primarily for social or fraternal purposes or for lodge meetings for the conduct of ritualistic work is not exempt from taxation. (*People* v. *Rockford Masonic Temple Building Ass'n, supra; People* v. *Rockford Lodge B. P. O. E. ante,* p. 528.) The use of the premises of appellants is of the latter character.

The conclusions reached in this case and in *People* v. *Rockford Masonic Temple Building Ass'n, supra,* are inconsistent with the conclusion reached by us in *People* v. *Freeport Masonic Temple,* 347 Ill. 180, therefore the last mentioned case is expressly overruled.

The finding of the county court that it did not have jurisdiction to determine whether or not the property was exempt does not preclude this court from determining the question. The record contains all of the evidence offered by the objectors in support of their claim of tax exemption and is before us for review. The judgment for sale entered by the county court was justified by the facts before it and the reasons assigned by that court for the judgment are not material. It is therefore affirmed.

*Judgment affirmed.*

STONE, C. J., and HEARD, J., dissenting:

We dissent from the judgment entered in this case by the majority opinion. On consideration of the petition for rehearing the majority opinion was amended to specifically overrule *People* v. *Freeport Masonic Temple,* 347 Ill. 180, decided at the December, 1931, term of this court. The majority opinion, however, does not mention *People* v. *Walters Chapter D. A. R.* 311 Ill. 304, *First Congregational Church* v. *Board of Review,* 254 id. 220, *Domestic School of Arts* v. *Carr,* 322 id. 562, *Congregational Publishing Society* v. *Board of Review,* 290 id. 108, *City of Chicago* v. *University of Chicago,* 228 id. 605, and *Monticello Female Seminary* v. *People,* 106 id. 398, upon which the opinion in the *Freeport Masonic Temple case* is based. It does cite *Grand Lodge* v. *Board of Review,* 281 Ill. 480, cited in the opinion in the *Freeport Masonic Temple case.* Likewise, the majority opinion, in overruling the *Freeport Masonic Temple case,* by implication overrules the long established line of cases other than those mentioned herein, to which this court has, without dissent, adhered for many years.

The record in this case shows that the Dixon Masonic Building Association is not only affiliated with the masonic order but it is likewise shown by the record and by stipulation of the parties in this case that its primary purpose is to further the beneficent and charitable purposes of the masonic order. In this the record differs from that in *People* v. *Rockford Masonic Temple Building Ass'n, ante,* p. 567; *People* v. *Rockford Lodge B. P. O. E. ante,* p. 528. The stipulation and evidence in this case show that this property belongs to the masonic order—a beneficent and charitable organization under the statute and universally so held to be under statutes of this character. It also shows that the property is not used for profit. The property of this building association, on the record made, is, in our opinion, clearly entitled to the exemption, if such ex-

emption now has in this State any meaning whatever. The statute exempting property from taxation extends such exemption to "all property of beneficent and charitable organizations, whether incorporated in this or in any other State of the United States, * * * when such property is actually and exclusively used for such charitable or beneficent purposes and not leased or otherwise used with a view to profit." The exemption is extended, as shown by the statute quoted, to all property of beneficent and charitable organizations, so used, when such property is not leased or otherwise used with a view to profit. That the masonic order is a beneficent and charitable organization has been so many times held by this and other courts of this country as to put that question beyond the realm of debate. (*Grand Lodge* v. *Board of Review*, 281 Ill. 480; *Morrow* v. *Smith*, 145 Iowa, 514, 124 N. W. 316; *Philadelphia* v. *Masonic Home*, 160 Pa. St. 572, 28 Atl. 954; *Kansas Masonic Home* v. *Board of Comrs.* 81 Kan. 859, 106 Pac. 1082; *Savannah* v. *Solomon's Lodge*, 53 Ga. 93; *Indianapolis* v. *Master of Grand Lodge*, 25 Ind. 518; *Fitterer* v. *Crawford*, 157 Mo. 51, 57 S. W. 532; *Newport* v. *Masonic Temple*, 108 Ky. 333, 56 S. W. 405; *State* v. *Board of Assessors*, 34 La. Ann. 574; *Cumberland Lodge* v. *Mayor and City Council*, 127 Tenn. 248, 154 S. W. 1141; *Horton* v. *Colorado Springs Masonic Temple*, 64 Colo. 529, 173 Pac. 61; *Scottish Rite* v. *County Comrs.* 241 N. W. (Neb.) 93.) These decisions are based not upon judicial notice or personal knowledge of the writers of the opinions but upon proof as to the primary purposes of the order of Ancient Free and Accepted Masons. It is a matter of common knowledge, and therefore one of which courts are privileged to take notice, that the primary purposes of the masonic order are the same wherever found.

Counsel have cited in opposition to these authorities, *Scottish Rite Building Co.* v. *Lancaster County*, 106 Neb. 95, 182 N. W. 574. That case was definitely overruled in

*Scottish Rite* v. *County Comrs. supra,* decided February 19, 1932, in a well considered opinion, in which numerous decisions of this and other courts are cited.

Whether an organization is a beneficent and charitable one is to be tested by the primary purpose and use to which its property is put. (*First Congregational Church* v. *Board of Review,* 254 Ill. 220; *Grand Lodge* v. *Board of Review, supra.*) The primary purpose of the masonic order being charitable, that order is a beneficent and charitable organization within the contemplation of the statute. Charity, in a legal sense, is not confined to mere almsgiving or relief of poverty and distress but embraces the improvement and happiness of man. A charitable use, where neither law nor public policy forbids, may be applied to almost anything that tends to promote the welldoing and wellbeing of social man. (*People* v. *Freeport Masonic Temple, supra; People* v. *Walters Chapter D. A. R.* 311 Ill. 304; *Ould* v. *Washington Hospital for Foundlings,* 95 U. S. 303; *Varnum Chapter D. A. R.* v. *City of Lowell,* 204 Mass. 484.) The statute requires that the property of charitable organizations, to be exempt, must be actually and exclusively used for charitable purposes. If property is devoted primarily to such charitable purposes as bring it within the exemption statute, an incidental use for another purpose, when not for profit, will not destroy the exemption, although property used incidentally for charitable purposes and having a primary use for another purpose does not come within the exemption. (*School of Domestic Arts* v. *Carr, supra; People* v. *Withers Home,* 312 Ill. 136.) Exemption statutes are to be strictly construed. This has long been the rule in this State, but it is also clear that the construction of the statute pertaining to exclusive use of property for charitable purposes should not be so narrow as to defeat the purposes of the act. The statute exempts all property of beneficent or charitable organizations so exclusively used and not used with a view to profit. The

fact that a building belonging to a beneficent or charitable organization may have a dining hall, rest rooms, or other places where its members may rest and refresh themselves, does not, and should not, destroy the exemption if the building is not leased or otherwise used for profit. Those features of a building owned by a charitable organization which conduce to an increase in its membership, tend directly to increase the support for its primary charitable purposes, and to hold that such features destroy the charitable character of the use to which the building is put is to place so narrow a construction on the language "actually and exclusively used for such charitable or beneficent purposes," as to deprive such property of an exemption clearly intended by the statute. It may well be observed, moreover, that if such a rule be applied scarcely any church building would be exempt, for it is a matter of common knowledge that churches hold entertainments, dinners and bazaars in their church buildings and devote certain rooms therein to the comfort and entertainment of the congregation. Surely those agencies which tend to increase the membership of the organization, when such agencies are not used with a view to profit, cannot be said to destroy the religious or charitable character of either the organization or the use or render such use less actually and exclusively for charitable purposes, as intended by the statute. The test lies rather in the primary use to which the building is put than in the architecture or conveniences of the building. In *Congregational Publishing Society* v. *Board of Review,* 290 Ill. 108, buildings and other property used for the printing and publication of books and Sunday school supplies were held exempt for the reason that the income from the printing plant was used for charitable purposes. Certainly, an argument that a charitable organization which, to further its charitable purposes, erects a building, must devote all of its income to charities before its building is paid for, if it be exempt from taxation, is based upon

neither justice nor rule of law recognized by this or other courts in this country. As has been frequently said, whether in a given case the property involved is exempt depends upon the facts of that case, pertaining to its use and purposes. That an organization which is a charitable one, as that term is defined in the law, may own valuable buildings for the furtherance of its charitable and beneficent purposes and may so construct the same as to be convenient for the use of its members and for community use, where such buildings are not leased or used for profit, is not only well settled, (*People* v. *Walters Chapter D. A. R. supra,* and *Scottish Rite* v. *County Comrs. supra,* and cases there cited,) but is a conclusion necessary to a fair interpretation of the language of the exemption statute pertaining to charitable organizations.