ALLAN B. MACGREGOR & another, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Essex. November 10, 1950. — June 7, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Taxation,* Succession tax. *Voluntary Association. Charity.*

An unincorporated charitable society located in Massachusetts was not "organized under the laws of" Massachusetts within cl. (1) of G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1.

The portion of cl. (1) of G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1, exempting from the succession tax gifts "to or for the use of charitable . . . societies or institutions . . . whose principal objects are carried out within" the Commonwealth, is intended to exempt from the tax gifts to Massachusetts charities conducted for Massachusetts beneficiaries, and there is no exemption thereunder if any substantial part of the "principal objects" is carried out outside of the Commonwealth.

A legacy to an unincorporated charitable society located in Massachusetts was not proved to be to an organization "whose principal objects

are carried out within" the Commonwealth within cl. (1) of G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1, where it appeared that funds of the society, not shown to be trivial in amount, were used to "contribute to the support of indigent persons wherever they are living," to send "Care" packages to suffering people in Europe, to provide relief to sufferers in great catastrophes elsewhere than in Massachusetts, and to do work in various military camps in this country and abroad, although "by far the principal part" of the sums expended for charities by the society was expended in Massachusetts.

Evidence that an unincorporated charitable society located in Massachusetts expended a certain sum from its charitable funds, the location of the beneficiaries thereof not appearing, that the principal charitable work of the society was to participate in furnishing financial assistance to students residing in Massachusetts and in Rhode Island, that "the class to whom the charities . . . [of the society] are expended is indefinite and unlimited, either to persons within the bounds of . . . Massachusetts or of the United States," and that it contributed "to the support of indigent persons wherever they are living," did not show the society to be one "whose principal objects are carried out within" Massachusetts within cl. (1) of G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1.

A legacy "for the general charitable purposes of" a society located in Massachusetts, but not required to carry out such purposes here or for the benefit of residents or objects located here, was not within cl. (2) of G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1, exempting from the succession tax gifts "for or upon trust for any charitable purposes to be carried out within" Massachusetts.

PETITION, filed in the Probate Court for the county of Essex on November 20, 1947.

The case was heard by *Phelan,* J.

*F. E. Kelly,* Attorney General, *& L. E. Ryan,* Assistant Attorney General, for the respondent, submitted a brief.

*K. A. Sanderson,* (*C. L. Allen* with him,) for the petitioners.

RONAN, J. This is an appeal by the commissioner of corporations and taxation from a decree of the Probate Court entered upon a petition filed under G. L. (Ter. Ed.) c. 65, § 27, by the executors under the will of Fred F. Swett, ordering an abatement of a legacy and succession tax assessed under G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1.[1]

In his will, allowed in 1944, the testator gave the proceeds

---

[1] For subsequent amendments see St. 1949, c. 792, §§ 1, 2; St. 1950, c. 556.

of certain sales and the residue of his estate "to Master and Wardens of Saggahew Lodge, A. F. & A. M. of said Haverhill, and Haverhill Commandery Number Fourteen, Knights Templars, in equal shares: the principal to be added to the permanent charitable funds of the organizations and the income to be used for the general charitable purposes of said Masonic Bodies." The question is whether these gifts are within the exemption provisions of c. 65, § 1. The judge made findings of material facts, and the evidence is reported.

Saggahew Lodge, hereinafter called the lodge, is a voluntary association, affiliated with the Master, Wardens and Members of the Grand Lodge of Masons in Massachusetts, an incorporated society, hereinafter called the Grand Lodge. The Grand Lodge is a representative body composed of certain officers of the particular lodges as they are sometimes called. The Haverhill Commandery, hereinafter called the commandery, is likewise a voluntary association and is a subordinate branch of the Grand Commandery of Knights Templars of Massachusetts and Rhode Island, an unincorporated association, hereinafter called the Grand Commandery. The Grand Commandery is likewise comprised of representatives from each of the commanderies. The lodges and commanderies have their own permanent charitable funds which are administered by trustees elected from their membership. Some of these funds are used to aid indigent members, their widows and dependents, and to pay funeral expenses of indigent deceased members. The principal charitable work of the commanderies is to aid the Grand Commandery to maintain an extensive educational fund which, so far as the Grand Commandery is concerned, helps and assists students residing in Massachusetts and Rhode Island to complete their college educations.

None of the parties has raised any question as to the capacity of these two voluntary associations to receive from the testator's estate the trust property, which apparently consisted of money. These funds have been paid over to the lodge and the commandery, and in accordance with the directions of the testator have been added to their permanent

charitable funds and administered in the customary manner of these organizations.

Voluntary associations were not regarded at common law as legal entities and so could not as such take title to real or personal property either for their own benefit or in trust for others. Scott, Trusts, § 97. The gifts, however, would not fail for want of a trustee, and any technical difficulty that might exist as to the legal title might easily be removed by the appointment of a trustee. *Bartlett* v. *Nye,* 4 Met. 378. *Washburn* v. *Sewall,* 9 Met. 280. Unincorporated religious societies have long enjoyed the power to acquire and dispose of property. G. L. (Ter. Ed.) c. 68, § 1. It was held in *Kauffman* v. *Foster,* 3 Cal. App. 741, that an unincorporated lodge of Masons was competent to act as trustee for a charitable fund. See also *Stariha* v. *Hagood,* 252 Ala. 158; *Hadden* v. *Dandy,* 6 Dick. (N. J.) 154. Whether these trust funds be regarded as held by these two organizations in trust for their charitable purposes or as if held by a trustee appointed by the court would not affect the question whether a succession tax is due, which is the only issue presented by this appeal. We, therefore, proceed to deal with the case as presented by the parties.

The statute, G. L. (Ter. Ed.) c. 65, § 1, as amended by St. 1941, c. 605, § 1, in so far as material, provides for two classes of exemptions from the succession tax, " (1) to or for the use of charitable, educational or religious societies or institutions which are organized under the laws of, or whose principal objects are carried out within, the commonwealth . . . or (2) for or upon trust for any charitable purposes to be carried out within the commonwealth . . . ."

The first portion of cl. (1) is restricted to societies or institutions of the nature described which have been "organized under the laws of . . . the commonwealth." The lodge and the commandery were not incorporated under our law and are not charitable, educational or religious societies or institutions "organized under the laws of . . . the commonwealth." *Eliot* v. *Freeman,* 220 U. S. 178, 185–186. *Sun-Herald Corp.* v. *Duggan,* 73 Fed. (2d) 298, 300. *Tucker*

v. *County Commissioners of Lincoln County*, 90 Minn. 406, 408. *In re Noble's Estate*, 183 Okla. 148. *Superior Lodge, Degree of Honor* v. *Van Camp*, 40 S. D. 142. *Dodge* v. *Williams*, 46 Wis. 70. They do not come within that part of cl. (1) of the statute exempting from the tax domestic corporations of the nature designated. The limitation of an exemption from taxation to societies or institutions incorporated in the State imposing the tax is a common provision of taxing statutes.[1]

We next inquire whether the lodge and the commandery come within the second part of cl. (1) of the statute exempting charitable, educational or religious societies or institutions not incorporated here "whose principal objects are carried out within, the commonwealth." Those words were inserted in the statute, G. L. (Ter. Ed.) c. 65, § 1, by St. 1941, c. 605, § 1. In the absence of any finding by the judge, we do not think that either organization should be found by us to be an educational or religious society or institution, *Masonic Building Association of Stamford, Connecticut, Inc.* v. *Stamford*, 119 Conn. 53, but we shall assume for the purposes of this case only that the lodge and the commandery are charitable societies or institutions.[2] Never-

---

[1] *People* v. *Illinois Merchants Trust Co.* 328 Ill. 223. *Morgan* v. *Atchison, Topeka & Santa Fé Railway*, 116 Kans. 175. *In the Matter of Estate of Hall*, 337 Mo. 658. *In re Sautter's Estate*, 142 Neb. 42. *Alfred University* v. *Hancock*, 3 Robb. (N. J.) 470. *Matter of Balleis*, 144 N. Y. 132. *Rich* v. *Doughton*, 192 N. C. 604. *In re Noble's Estate*, 183 Okla. 148. *Presbyterian Church in United States* v. *Sheppard*, 198 S. W. (2d) 282 (Tex. Civ. App.). *In re Hickok's Estate*, 78 Vt. 259. *In the Matter of Estate of McIntire*, 178 Wash. 81. *In the Matter of Estate of Metcalf*, 41 Wyo. 36.

[2] It was decided in *Masonic Education & Charity Trust* v. *Boston*, 201 Mass. 320, cited in *Rockland Trust Co.* v. *Bixby*, 247 Mass. 449, 451, that a bequest to the Grand Lodge to be used for the establishment and maintenance of a home for needy Masons was a public charity which the Grand Lodge held as a benevolent or charitable institution. This is in accord with the great weight of authority holding that Masonic organizations are charitable societies or institutions under the taxing laws. *Moseley* v. *Smiley*, 171 Ala. 593. *Horton* v. *Colorado Springs Masonic Building Society*, 64 Colo. 529. *Mayor & Aldermen of Savannah* v. *Solomon's Lodge, No. 1, F. & A. M.* 53 Ga. 93. *Grand Lodge* v. *Board of Review*, 281 Ill. 480. *Cruse* v. *Axtell*, 50 Ind. 49. *Morrow* v. *Smith*, 145 Iowa, 514. *Kansas Masonic Home* v. *County Commissioners of Sedgwick*, 81 Kans. 859. *Newport* v. *Masonic Temple Association*, 108 Ky. 333. *State* v. *Board of Assessors*, 34 La. Ann. 574. *In the Matter of the Estate of Burroughs*, 357 Mo. 10. *Ancient & Accepted Scottish Rite of Freemasonry* v. *County Commissioners*, 122 Neb. 586. *Matter of the*

theless, the burden of proof remains upon them to show that they are entitled to the exemptions claimed. *Boston Chamber of Commerce* v. *Assessors of Boston,* 315 Mass. 712, 716. *Worcester Masonic Charity & Educational Association* v. *Assessors of Worcester,* 326 Mass. 409, 411. They must therefore prove the additional fact necessary to exemption under this second part of the first clause of the statute, namely, that their "principal objects are carried out within" the Commonwealth. It is not as if the statute read, "objects principally carried out" within the Commonwealth. We think that the intent was to give the exemption to Massachusetts charities conducted for Massachusetts beneficiaries,[1] and that there is no exemption if any substantial part of the "principal objects," that is, in this case of the objects which (as we have assumed) give these organizations their charitable character, is carried out outside of the Commonwealth. It is here that the proof fails. For years some of the funds of the local bodies have been expended through the parent organizations for purposes outside of the Commonwealth. In the fiscal year 1948–1949 the lodge expended $1,527.54 from its permanent charitable funds. Of this amount no less than $910 was paid to the Grand Lodge for use in its charities. "The Grand Lodge and its Particular Lodges, of which Saggahew Lodge is one, . . . contribute to the support of indigent persons wherever they are living." The Grand Lodge has sent large shipments of "Care" packages to suffering people in Europe. Relief has been given to sufferers in great catastrophes, such as the Mississippi floods and earthquakes in Chile and Japan, and in coöperation with local lodges work has been done in various military camps in this country and abroad. Although "by far the principal part" of the sums expended for charities by the

---

*Estate of Riteman,* 110 Misc. (N. Y.) 617. *Philadelphia* v. *Masonic Home,* 160 Pa. 572. *Cumberland Lodge No. 8, F. & A. M.* v. *Mayor & City Council of Nashville,* 127 Tenn. 248. *In re Masonic Temple Society,* 90 W. Va. 441. But see *Old South Society in Boston* v. *Crocker,* 119 Mass. 1, 24; *Bangor* v. *Rising Virtue Lodge, No. 10, Free & Accepted Masons,* 73 Maine, 428; *Mason* v. *Perry,* 22 R. I. 475.

[1] We are not concerned in this case with the reciprocal provisions of the statute.

Grand Lodge were expended within the Commonwealth, no comparative figures appear. It has not been shown that the part expended outside has been trivial or such that it can be ignored when the test is that the objects must be carried out within the Commonwealth.

In 1948 the commandery expended $1,019.50 from its permanent charitable funds. Where the beneficiaries were located does not appear. No doubt much of this money went to local recipients, but it appears that the principal charitable work of the commandery was in assisting the Grand Commandery to maintain an educational fund for the benefit of students residing in this Commonwealth and in Rhode Island. The Grand Commandery is chartered and has jurisdiction in both of these States. Since the creation of the educational fund in 1922 it has furnished assistance amounting to nearly $550,000 to nearly eighteen hundred students. "The class to whom the charities of the Commanderies are expended is indefinite and unlimited, either to persons within the bounds of the Commonwealth of Massachusetts or of the United States of America . . . ." The commandery contributes "to the support of indigent persons wherever they are living."

The evidence, both as to Saggahew Lodge and as to Haverhill Commandery, falls short of meeting the statutory requirement that the "principal objects" in respect to which exemption is granted must be "carried out" entirely, or almost entirely, within the Commonwealth. It is consistent with the evidence that substantial charitable benefits are received by persons outside the Commonwealth.

For the reasons stated the petitioners have failed to prove that they are entitled to exemption under cl. (1) of the statute.

An exemption under cl. (2) of the statute is provided "for any charitable purposes to be carried out within the commonwealth . . . ." As already pointed out, the terms of these trusts do not require them to be carried out within this Commonwealth, for the benefit of residents or objects

located here.   The petitioners do not make out a case within cl. (2) of the statute.

The final decree is reversed, and a decree is to be entered dismissing the petition.

*So ordered.*